COMMONWEALTH *vs.* WILBERT WALLACE. No. 97-P-1206. November 18, 1998. *Constitutional Law,* Search and seizure. *Search and Seizure,* Pursuit. *Practice, Criminal,* Argument by prosecutor, Instructions to jury. *Firearms.*

After his motion to suppress evidence was denied, the defendant was tried and convicted of unlawful possession of a firearm. He was found not guilty of unlawful possession of ammunition. The defendant appealed, claiming that his suppression motion should have been allowed, and that there were various prejudicial errors during the course of the trial. We affirm.

1. *The suppression motion.* We take the facts from the judge's findings. Two detectives (Paul W. Murphy, Jr., and James Freeman), not in uniform, and while patrolling in an unmarked vehicle, saw two men emerging from a vacant lot breathing heavily as if they had just been running. They appeared to be sweating. One of the officers noticed that the defendant (whom the officer recognized from a prior drug arrest) was holding a sweatshirt at his waist area. He was pulling one of his arms out of the sweatshirt, and it appeared that some type of object was in the sweatshirt.

Freeman, the driver, backed up the vehicle in the direction of the defendant, stopped, and the two officers left their vehicle. When about twelve feet from the defendant, Murphy said, "Police." Upon hearing Murphy, the defendant fled, and a chase ensued. Murphy lost sight of the defendant for about a minute. As Freeman also followed the path of the defendant's flight, he came

upon the defendant's sweatshirt. In the sweatshirt was a .22 caliber rifle with a sawed-off barrel and stock. A warrant issued for the arrest of the defendant.

The fact that the cruiser backed up in the direction of the defendant did not amount to a stop or a constructive seizure, *Commonwealth* v. *Wedderburn*, 36 Mass. App. Ct. 558, 560-561 (1994), nor did the self-identification of the police constitute a stop. See *id.* at 561. See *Commonwealth* v. *Fraser*, 410 Mass. 541, 543 (1991). The defendant fled "on his own propulsion," see *Commonwealth* v. *Harkess*, 35 Mass. App. 626, 632 (1993); that fact, coupled with the evident effort to conceal some object in the defendant's sweatshirt, and the defendant's prior drug arrest, see *Commonwealth* v. *Kennedy*, 426 Mass. 703, 709 (1998), justified the responsive pursuit by the police. *Commonwealth* v. *Williams*, 422 Mass. 111, 117 (1996). Further, the abandonment of the sawed-off rifle was sufficient to authorize its seizure by the police. See *Commonwealth* v. *Stoute*, 422 Mass. 782, 785 (1996). There was no error in the denial of the suppression motion.

2. *Other issues.* The judge's limiting instruction adequately cured any error in the introduction of the defendant's prior arrest, or the prosecutor's closing remarks asking the jury to speculate why the defendant was carrying a gun in the neighborhood. ·

Much more serious, however, was that portion of the prosecutor's closing argument in which he asked the jury to consider the right of the people in the neighborhood to feel safe. The Commonwealth concedes that the argument "stepped over the line of permissible argument . . . ." So much is clear; less clear is whether the impermissible argument is sufficient grounds for a reversal. We conclude that, but for the judge's forceful curative instructions to the effect that the rights of people in the neighborhood should not be considered, the prosecutor's remarks would likely have required a new trial. With the instruction, however, there was insufficient likelihood of prejudice to the defendant to justify a reversal of the judgment.

The defendant also argues that the prosecutor impermissibly commented on the defendant's failure to testify. The statement quoted in the brief is taken out of context, distorting the meaning of the prosecutor's statement. The prosecutor was merely speculating as to what the defendant thought he might say if challenged by the police. The prosecutor was not commenting on the failure of the defendant to testify. See *Commonwealth* v. *Grant*, 418 Mass. 76, 83 (1994).

We have considered the remaining arguments of the defendant; they have no merit and require no discussion.

*Judgment affirmed.*

*Ernest H. Hyde* for the defendant.

*Kristine Luongo Tammaro*, Assistant District Attorney, for the Commonwealth.